[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is seeking modification of the alimony and child support orders based on a change of circumstances in that the minor child of the parties, James, is no longer residing with the defendant and currently resides with the plaintiff (motion #106).
The parties stipulated that under the terms of the judgment the alimony award would be reviewed at this time since six years have passed since the order was entered, and that the child support for their son, Daniel, would be reviewed because Daniel is currently attending college and the plaintiff is paying the costs involved.
Further, the defendant is seeking an increase in the alimony order originally entered because of the increased costs in her visiting her minor son, James, who now resides in California with CT Page 10653 the plaintiff. At the hearing, the defendant enlarged the basis of her claim to include the plaintiff's substantial increase in income as the change warranting a modification. (Motion #109).
Since the parties are requesting the court to modify and review a New Jersey judgment, the court used as its standard of review the law of New Jersey applicable to this situation. The briefs of the parties instruct that the standard is a change of circumstances, not unlike the requirement under Connecticut Law.
The court has reviewed the evidence presented, considered the arguments of counsel and applied the criteria as set forth in the New Jersey statutes and case law in reaching its decisions.
The court was impressed with the plaintiff's conscientious attempts to provide financial support for his family since the date of dissolution. The court believes that the plaintiff is currently under severe financial pressures to fulfill the obligations he has undertaken by assuming the responsibility of paying college costs of $26,000 per year for his older son.
The court also recognizes that the defendant, because of her medical condition, continues to need financial assistance from the plaintiff.
The priorities of the plaintiff's obligations as set forth in the judgment require consideration of the plaintiff and the children being supported before the plaintiff's financial ability to pay college expenses is considered.
The following orders may enter:
(1) The plaintiff's obligation to pay child support for the minor child, James, is suspended for as long as he continues to reside with the plaintiff.
(2) The plaintiff's obligation to pay child support for his son, Daniel, is suspended for as long as the plaintiff continues to contribute to Daniel's college education.
(3) Based on the plaintiff's substantial increase in income since the dissolution and the defendant's continuing medical needs, the defendant's motion for an increase in the alimony award is granted. The plaintiff shall pay the defendant as periodic alimony the sum of sixteen hundred ($1,600) dollars CT Page 10654 per month. Payments shall be made for the same term and under the same conditions as stated in the original judgment.
In accordance with the stipulation of the parties, the new order for alimony is retroactive to July 15, 1994, with the plaintiff receiving credit for payments made. The plaintiff paid $1,550 for the second half of July; $3,100 for August; $2,100 for September; and $1,050 for October. The total payments are $7,800. Under the new order, the plaintiff owes for the period of July 15, 1994 through October, 1994 the sum of $5,600 ($1,600 x 3 1/2). Therefore, the plaintiff has overpaid in the amount of $2,200. Commencing with the November payment, he may deduct $100 per month from the monthly payment due until the entire $2,200 is repaid.
A contingent wage withholding order may enter.
The testimony revealed that the defendant owns an interest in a family partnership including her parents and sibling. The defendant failed to schedule her interest on the financial affidavit she filed with the court. The defendant's father testified that the defendant's present interest in the partnership is 10% of a 1/3 interest in land located in a foreign state. The land has been listed for sale at a price of six million ($6,000,000) dollars. Therefore, the value of the defendant's interest could be as much as two hundred thousand ($200,000) dollars.
When the defendant's interest in the partnership becomes liquid by a sale of the land, the plaintiff may petition the court for a further consideration of whether the term and amount of alimony should be terminated or modified.
(4) The plaintiff's obligation to maintain life insurance for the benefit of the defendant shall be reduced in amount to $125,000, and the amount of life insurance the plaintiff maintains for the benefit of his children shall be left to his sole discretion.
(5) Plaintiff's Motion to Modify (#106) is granted to the extent herein ordered.
Defendant's Motion for Modification (#109) is granted.
NOVACK, J. CT Page 10655